# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.G.-1, J.G.-2, and K.G.**

**No. 17-0608** (Taylor County 16-JA-66, 16-JA-67, & 16-JA-68)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.G.-3, by counsel Gregory Michael, appeals the Circuit Court of Taylor County's June 7, 2017, order terminating his parental rights to J.G.-1, J.G.-2, and K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period without making a finding on the record as to his anticipated release from prison or his post-release plans for employment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother. According to the petition, the DHHR received a referral that the mother knowingly allowed her boyfriend to physically and emotionally abuse J.G.-1. The petition alleged that petitioner abused and neglected the children by lack of contact, support, supervision, and protection. The petition further alleged that petitioner had no relationship with the children, having been incarcerated.

In November of 2016, the circuit court held an adjudicatory hearing, for which petitioner was transported from his place of incarceration. The circuit court heard the mother's testimony,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children and petitioner share the same initials, we will refer to them as J.G.-1, J.G.-2, and J.G.-3 throughout this memorandum decision.

1

who reported that she and petitioner were in a relationship for thirteen years, during which he was an extremely violent person. The last incident of domestic violence occurred in 2013, when petitioner threw the mother through a wall. The mother nearly died from the incident. Further, the mother stated that the children were present for the abuse and that, at times, the violence was directed at them. Subsequent to the latest incident, petitioner was charged for his third offense of domestic violence and was ultimately incarcerated. The mother received custody of the children with petitioner receiving limited visitation. Petitioner disagreed with parts of the mother's testimony, but admitted that he had been convicted of domestic violence offenses three times. Petitioner also admitted that the children were present for some incidents of violence and that he was still dealing with some domestic violence issues while incarcerated. Ultimately, petitioner stipulated to the conditions of abuse alleged in the petition and the circuit court adjudicated him as an abusing parent. Further, the circuit court denied petitioner's motion for an improvement period and set the dispositional hearing.

In February of 2017, the circuit court held a dispositional hearing. Petitioner was not present but was represented by counsel. The circuit court found that petitioner remained incarcerated and that "continuation in the home of [petitioner] . . . [was] contrary to the welfare and the best interests of the [children]" due to findings of abuse and/or neglect, petitioner's current incarceration, and his domestic violence behavior. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Petitioner requested a post-dispositional improvement period to begin upon his release from jail. Ultimately, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated his parental rights to the children.[2] It is from the June 7, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]According to the DHHR, custody of the children was returned to their mother after her successful completion of an improvement period and dismissal of the petition against her.

Petitioner argues on appeal that the circuit court erred in denying his motion for a post-dispositional improvement period without making a finding regarding his scheduled release date from prison. We disagree. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'"*In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, we have held that "the commencement of a dispositional improvement period in abuse and neglect cases must begin no later than the date of the dispositional hearing granting such improvement period." *In re Emily*, 208 W.Va. 325, 338, 540 S.E.2d 542, 555, (2000).

The record is clear that petitioner failed to demonstrate that he was likely to fully participate in an improvement period in the instant proceedings. While the circuit court did not make specific findings regarding petitioner's scheduled release from prison and anticipated post-release employment, it did make findings that petitioner remained incarcerated, and thus was unable to participate in an improvement period. Petitioner does not dispute that he could not have started participating in his improvement period on the date of the dispositional hearing. The circuit court also found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. We have also held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *Katie S.*, 198 W.Va. at 81, 479 S.E.2d at 591, Syl. Pt. 7, in part.

In this case, the record is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse. Petitioner had been arrested three times due to instances of domestic violence. Petitioner admitted that he committed acts of domestic violence in front of the children. Further, this Court has taken judicial notice of the fact that subsequent to his release from prison and the filing of this appeal, petitioner was once again arrested in July of 2017 due to violent behavior. Accordingly, the circuit court did not err in denying petitioner an improvement period and terminating his parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker